IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES B. MITCHELL<br>(BOP Register No. 47109-080),<br><br>Petitioner,<br><br>V.<br><br>WARDEN UNDERWOOD,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:19-cv-307-S-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James B. Mitchell, a federal prisoner, in custody at FCI Seagoville, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") reliance on the presentence report ("PSR") prepared by the United States Probation Office in the district in which he was convicted (the "USPO"). *See* Dkt. No. 2; *see also United States v. Mitchell*, No. 5:10-CR-50067-001 (W.D. Ark.).

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas petition.

**Applicable Background, Legal Standards, and Analysis**

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775

(1987). That statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

In his sole ground for relief, Mitchell claims that the BOP "is knowingly using false information in my PSR (that I knowingly used minors in my escort business)" and is thus violating his "due process Constitutional rights" under the Fifth Amendment. Dkt. No. 2 at 5. He further explains that this allegedly false information affects his "custody classification" and thus denies him "eligibility to go to a camp or home confinement." *Id.* (further explaining that "[a]n evidentiary hearing will prove the information in my PSR is false and not a reliable source of information for using by the BOP to determine my eligibility for the benefits").

And, while Mitchell mentions that this purportedly false information prevented his early release after completing the BOP's Residential Drug Abuse Program ("RDAP"), *see id.*, he clarifies that "that is not the issue I am raising in this 2241

petition, but rather a violation of my Constitutional rights using false information," *id.* at 7; *see also Mitchell v. Underwood*, No. 3:17-cv-2939-D-BT, 2018 WL 3598778 (N.D. Tex. June 25, 2018) (denying Mitchell's Section 2241 petition challenging the BOP's determination that he was ineligible for early release under the RDAP), *rec. adopted*, 2018 WL 3586662 (N.D. Tex. July 26, 2018).

> First, as another court explained in a similar lawsuit, BOP
>
> is authorized to use a [PSR] prepared by the USPO to determine a prisoner's custody level. Although a prisoner may challenge the accuracy of information in a [PSR], the prisoner may not direct that challenge to the BOP. *See* BOP Program Statement 5800.17. Rather, because a [PSR] is a court document prepared by the USPO, a prisoner seeking to challenge any aspect of a [PSR] must direct that challenge to either the district court in which he was convicted or the USPO. *Id.* If the USPO later reports an inaccuracy, the BOP staff files that information with the inmate's file and removes the document containing inaccurate information. *Id.* Unlike the USPO, the BOP has no authority to make any changes to a [PSR].

*Gbor v. Entzel*, No. ED CV 17-1666-R (PLA), 2017 WL 6755113, at *1 (C.D. Cal. Nov. 30, 2017) (citation omitted), *rec. accepted*, 2017 WL 6734173 (C.D. Cal. Dec. 21, 2017).

And, consistent with this framework, attached to Mitchell's petition is a January 9, 2019 letter from a unit manager at FCI Segoville to the Chief United States Probation Officer for the Western District of Arkansas, providing:

> Inmate James Mitchell has requested to challenge a portion of his PSI. He has requested Unit Team forward these documents to the USPO on his behalf. As per Program Statement 5800.17, Unit Team will forward the inmates written challenge to the appropriate USPO.
> Enclosed please find a written statement and copies of supporting evidence inmate Mitchell, James, register number 47109-080 would like the USPO to consider when reading his challenge to portions of his PSI.

Dkt. No. 2 at 10.

But, beside appearing to have filed this habeas action prematurely, Mitchell also appears to have "not stated a claim that can be resolved via a habeas petition." *Gbor*, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). As the United States Court of Appeals for the Fifth Circuit explained recently,

> [b]oth [a habeas action] and [a civil rights action] offer relief to those improperly confined by the government. Which [ ] vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought [as civil rights actions]. While "fact or duration" claims must be brought under habeas, the [United States] Supreme Court has not foreclosed the use of habeas for other kinds of claims. Some circuit courts, however, have limited habeas corpus to claims that challenge the fact or duration of confinement. Others have not. Our own Circuit has been less clear, but we need not weigh in on that broader question today.

*Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (footnotes omitted).

This Court also "need not weigh in on that broader question" because Mitchell expressly states that the BOP has violated his "due process Constitutional rights" by using information in the PSR to determine his classification. *See, e.g., Gbor*, at *2 ("Here, petitioner's ground for relief does not implicate his conviction or the duration of his sentence. Instead, he complains only of an alleged effect on his custody classification. Specifically, he complains that the BOP improperly increased his custody level due to a purportedly erroneous fact in his pre-sentence report. As that complaint implicates only his condition of confinement, it is not properly raised in a habeas petition." (collecting cases)).

And the Court also need not allow this action to proceed as a civil rights suit by

-4-

a federal prisoner against a federal agency, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), because the challenge to information in the PSR directly implicate Mitchell's underlying convictions, the validity of which have not been (successfully) called into question.

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

"*Heck* applies equally to *Bivens* actions." *Atencio v. United States*, No. 15-659 JCH/SCY, 2017 WL 467264, at *3 (D.N.M. Oct. 1, 2017) (citing *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 460 (6th Cir.

2006)), *rec. adopted*, 2018 WL 801528 (D.N.M. Feb. 9, 2018).

And, where, like here, the underlying sentence has not been invalidated, *Heck* also bars civil suits based on allegedly incomplete or improper presentencing reports. *See, e.g.*, *Jamison v. Lenawee Cty. Probation Dep't*, No. 2:14-CV-13995, 2014 WL 6810409, at *2 (E.D. Mich. Dec. 2, 2014) ("Plaintiff's complaint challenges his present incarceration. He argues that he was sentenced based upon information improperly included in a presentence investigation report. The complaint necessarily challenges the validity of Plaintiff's sentence.... Because Plaintiff has not achieved a favorable termination of his criminal case, this complaint is barred by *Heck*."); *Brady v. Baldwin*, No. 17-cv-1203-NJR, 2018 WL 3496499, at *2 (S.D. Ill. June 20, 2018) ("In this case, Plaintiff argues he was unfairly sentenced based on an incomplete PSI. The PSI was allegedly incomplete because certain officials failed to release Plaintiff's mental health records, and Plaintiff is attempting to bring constitutional claims against those officials. Given this backdrop, a judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding." (collecting cases)).

## Recommendation

The Court should summarily dismiss Petitioner James B. Mitchell's application for writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE